UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ELIGIO CORTEZ MENDEZ,
Petitioner,

v.

JEREMY CASEY, Facility Administrator at the Imperial Regional Detention Facility; et al.,
Respondents.

Case No.: 26-cv-4651-BJC-DEB

**ORDER REQUIRING JOINT STATUS REPORT**

Before the Court is Petitioner Eligio Cortez Mendez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner initiated this action on August 14, 2026. *Id.* Respondents filed a response on September 2, 2026, and Petitioner filed a traverse on September 8, 2026. ECF Nos. 5–6.

The parties agree that Petitioner is detained under 8 U.S.C. § 1226(a). ECF No. 5 at 2. *See Rodriguez Vazquez v. Bostock*, 183 F. 4th 1160, 1165 (9th Cir. 2026) (concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). As such, he is "able to request a bond hearing before an immigration judge." *Id.*

Respondents argue that a bond hearing was scheduled for September 16, 2026, and therefore the Petition should be denied as moot or stayed. *Id.* Petitioner argues that he is

entitled to release because the government violated his due process rights by revoking his parole without notice or an opportunity to be heard. ECF No. 6 at 2. The parties have not updated the Court regarding whether September 16, 2026 bond hearing went forward, and if so, the outcome of that hearing.

Accordingly, the Court **ORDERS** the parties to file a joint status report regarding this proceeding by no later than **November 19, 2026**. The Joint Status Report must include: (1) whether and when Petitioner received a bond hearing; (2) the outcome of that hearing; and (3) the parties' positions as to whether the habeas petition is now moot. *See Sajquim Guillermo v. Otay Mesa Det. Ctr.*, No. 3:26-CV-02397-RBM-MMP, 2026 WL 3408208, at *2 (S.D. Cal. Nov. 9, 2026) (noting that once the petitioner is released on bond, the habeas petition "is moot unless Petitioner can demonstrate that 'collateral consequence[s] remain.'") (quoting *Abdala v. INS*, 488 F.3d at 1061, 1064–65).

**IT IS SO ORDERED**.

Dated: November 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge